IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN HARNESS d/b/a BRIAN HARNESS PHOTOGRAPHY, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 3:14-CV-1316-N |
| FOREVER 21 RETAIL, INC, *et al.*, | | |
| Defendants. | | |

## ORDER

This Order addresses Defendant Amir Aslan Biglarbegi-Tajbakhsh d/b/a Amir Taj Design's ("Biglarbegi-Tajbakhsh") motion to dismiss [Doc. 11]. The Court finds that Plaintiff Brian Harness d/b/a Brian Harness Photography ("Harness") has adequately established personal jurisdiction and therefore denies the motion.

### I. ORIGINS OF THE DISPUTE

This is a copyright dispute in which Harness alleges Defendants Forever 21 Retail, Inc. ("Forever 21 Retail"), Forever 21 Inc. ("Forever 21"), and Biglarbegi-Tajbakhsh violated the Copyright Act, 17 U.S.C. § 101, *et seq.*, and section 1202 of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.* ("DMCA"). Pl.'s Compl. [1] ¶ 2. According to the complaint, Harness, a professional photographer, performed photography work of a Forever 21 store in Dallas, Texas. *Id.* ¶ 8, 11. An employee of either Forever 21 or Forever 21 Retail selected a number of Harness's images that Forever 21 or Forever 21 Retail wished to license. *Id.* at ¶ 12.

Harness subsequently discovered that a Chinese realty company, Elite Apac., was using two of his works on its website without license or authorization. *Id.* at ¶ 14. He also discovered that seven of his works from the Forever 21 shoot appeared on the website of an architectural design company owned by Biglarbegi-Tajbakhsh, again without license or authorization. *Id* at ¶15. Elite Apac. and Biglarbegi-Tajbakhsh have since stopped using the works, following receipt of cease and desist letters. *Id.* at ¶ 16. According to Harness, "[t]he only way Elite or [Biglarbegi-Tajbakhsh] could have acquired possession of such high-resolution versions of Harness' works is from [Forever 21] or [Forever 21 Retail.]" *Id.* at ¶ 17.

Harness filed this lawsuit against the defendants in which he asserts claims for copyright infringement and violation of the DMCA. Biglarbegi-Tajbakhsh now moves to dismiss the suit against him for lack of personal jurisdiction because that he is a California resident without the requisite contacts with Texas.

## II. THE COURT HAS PERSONAL JURISDICTION OVER BIGLARBEGI-TAJBAKHSH

### *A. Personal Jurisdiction Standard*

Harness, as the party seeking to invoke the Court's power, bears the burden of establishing the Court's jurisdiction over Biglarbegi-Tajbakhsh. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219 (5th Cir. 2012). If a district court, as here, decides a motion to dismiss without holding an evidentiary hearing, a *prima facie* case suffices to establish jurisdiction. *See Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). A court

must take uncontroverted allegations in the complaint as true, and it must resolve all factual conflicts in favor of the plaintiff. *Pervasive Software*, 688 F.3d at 219–220 (citing *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004)). However, the Court need not "credit conclusory allegations." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). In deciding the motion, a court may consider "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (citing *Thompson*, 755 F.2d at 1165).

A nonresident defendant is subject to the jurisdiction of a federal court if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) exercise of personal jurisdiction by the forum state is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). The Texas long-arm statute confers jurisdiction to the limits of the Constitution. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The Court, therefore, need concern itself only with the federal due process inquiry. *See id.*

The Due Process Clause of the Fourteenth Amendment limits the reach of a state court's – and thus a federal court's – jurisdiction over a nonresident defendant. *See Shaffer v. Heitner*, 433 U.S. 186, 207 (1977). But a state "may authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional

notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To establish minimum contacts, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citing *Int'l Shoe*, 326 U.S. at 319). A resident's unilateral assertion of a relationship with the nonresident defendant does not satisfy this requirement. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (quoting *Hanson*, 357 U.S. at 253). In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has considered whether a defendant's contacts with the forum make it reasonable to require the defendant to defend the particular suit in that forum. *Shaffer*, 433 U.S. at 203.

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). Specific jurisdiction exists if (1) the cause of action is related to, or arises from, the defendant's contacts with the forum, and (2) those contacts meet the due process standard. *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986). General jurisdiction, in contrast, exists where the claim is unrelated to the nonresident's contacts with the forum, but the contacts are "continuous and systematic." *Helicopteros Nacionales v. Hall*, 466 U.S. 408, 415 (1984) (citations omitted). Under either a general or specific jurisdiction analysis, however, "[t]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Stuart v.*

*Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  The parties do not dispute the Court lacks general jurisdiction. Therefore, the Court need only determine if it has specific jurisdiction over Biglarbegi-Tajbakhsh.

### B.  The Court Has Specific Jurisdiction

*1. The Cause of Action Is Related to or Arises out of Biglarbegi-Tajbakhsh's Contacts with the Forum.* – Biglarbegi-Tajbakhsh had the following contacts with Texas. First, Biglarbegi-Tajbakhsh "traveled to Texas in order to assist Brian Harness in taking photographs from certain beneficial vantage points due to light and store layout." Def.'s Mot. Dismiss Ex. A [11-1] 2.  Second, he allegedly used materials with copyrights held by a Texas resident without permission or authorization.

The Court first considers Biglarbegi-Tajbakhsh's trip to Texas.  The Court disagrees with Biglarbegi-Tajbakhsh's assertion that only contacts relating to infringement can be considered for personal jurisdiction.  A necessary element of Harness's claim for copyright infringement is the possession of a copyright.  *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ("To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." ).  The existence of a copyright is also necessary to bring a cause of action under 17 U.S.C. § 1202, as that section covers the systems that manage *copyrighted materials*. *See Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 301 (3d Cir. 2011).  Harness obtained his copyright in Texas, and Biglarbegi-Tajbakhsh assisted in that process by helping Harness

ORDER – PAGE 5

at the photo shoot in Texas. The claims in this action are therefore related to and arise out of this contact with Texas because Harness could not assert them without the underlying copyright.

The Court next considers Biglarbegi-Tajbakhsh's alleged actions in using the photographs at issue. In determining whether a defendant's acts are sufficient to establish personal jurisdiction, the Court applies the *Calder* "effects" test, which has three parts: "(1) that defendant performed intentional, tortious acts outside the forum state; (2) that the acts were directed at the forum state; and (3) that the acts had foreseeable effects on the plaintiff in the forum state."[1] *Flowserve Corp. v. Midwest Pipe Repair, L.L.C.*, 2006 WL 26552, at *3 (N.D. Tex. 2006) (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984); *Brokerwood Prods. Int'l, Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376, 382 (5th Cir.2004); *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir.2000)). Here, Biglarbegi-

---

[1]The Court notes that, although there is some disagreement regarding whether the effects test, used for intentional torts, should be applied to copyright infringement, the Fifth Circuit has not yet provided guidance on this issue. *Illustro Sys. Int'l, LLC v. Int'l Bus. Machines Corp.*, 2007 WL 1321825, at *9 (N.D. Tex. 2007) (noting that the Fifth Circuit "has not opined on the issue of whether copyright claims are *intentional* torts. . . . [and] [d]istrict courts within this district have reached differing opinions in unpublished cases" but ultimately concluding that copyright claims are intentional torts and applying the effects test); *but see Parker v. Dufresne*, 2010 WL 2671578, at *9 (W.D. La. 2010) *report and recommendation adopted*, 2010 WL 2671567 (W.D. La. 2010) ("Perhaps Plaintiff has a case for infringement, but the facts presented to this point do not suggest intentional acts by Philbin and Otterbacher that they intended to cause harmful effects in Louisiana. Thus, the effects test is of little or no applicability in this case[.]"). Because this Court determines that the wrongful acts alleged here were intentional, it applies the effects test to the infringing activity.

Tajbakhsh's act of placing the images on his company's website, even if that act occurred in California, satisfies the effects test.

First, Harness must allege that Biglarbegi-Tajbakhsh committed an intentional act. Harness alleges that Biglarbegi-Tajbakhsh "us[ed] unauthorized copies of [] photographs within the United States in violation of the copy rights of Title 17" and that either he or one of the other defendants "remov[ed] Harness's copyright management information ("CMI")." Pl.'s Compl. ¶ 19, 21. These purposeful actions satisfy the first prong of the effects test.

Second, Harness must establish that Biglarbegi-Tajbakhsh's acts were directed at Texas. Courts have determined that when a plaintiff brings suit for copyright infringement against a defendant that *knew* the plaintiff resides in the state where the action was filed when he infringed, the second prong is satisfied. *See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (analyzing venue and determining that the fact the defendant "willfully infringed copyrights owned by [the plaintiff], which, as [defendant] knew, had its principal place of business in the Central District[] . . . [was] sufficient to satisfy the 'purposeful availment' requirement").

Although the Fifth Circuit has not yet provided guidance on whether the effects tests vests a court with personal jurisdiction over a defendant in a copyright case that knew the plaintiff resided in the state of the action, the Court acknowledges that several district courts within the Fifth Circuit have broached the issue. *See, e.g.*, *Illustro Sys. Int'l, LLC v. Int'l Bus. Machs. Corp.*, 2007 WL 1321825, at *9 (N.D. Tex. 2007). These district courts have

considered the plaintiff's location at the time of the sale or use of the work as a contact sufficient to establish personal jurisdiction if the defendant knew of the location. *See, e.g.*, *Frees, Inc. v. McMillian*, 2007 WL 2701161, at *3 (W.D. La. 2007) (finding personal jurisdiction in a copyright infringement case against a corporation whose agent "would have been well aware that [the plaintiff] was a Louisiana corporation"); *Illustro Sys.*, 2007 WL 1321825, at *9 (personal jurisdiction existed over a defendant that the plaintiff alleged "'was undoubtedly aware that a Texas party held rights' in the copyrighted software"); *Johnson v. Tuff N Rumble Mgmt., Inc.*, 1999 WL 1201891, at *5 (E.D. La. 1999) (applying *Calder*'s effects test to a copyright infringement case where the defendant resided in another state and finding that "specific jurisdiction exists over [defendant] in this district because [defendant] intentionally aimed its conduct at Louisiana, knowing plaintiffs would feel the brunt of the injury here."). The Court finds these cases persuasive.

Although Harness does not specifically allege in his complaint that Biglarbegi-Tajbakhsh *knew* the copyright was owned in Texas or that Harness resided in Texas, he has alleged sufficient facts to support such a finding. The photographs at issue were taken in Texas, they depict a store in Texas, and a Texas photographer took them. Furthermore, Biglarbegi-Tajbakhsh does not appear to dispute that he knew Harness resided in Texas, although he does dispute that he knew Harness owned a copyright interest in the photographs. "When alleged jurisdictional facts are disputed, all factual conflicts are resolved in favor of the party seeking to invoke the court's jurisdiction." *Kwik-Kopy Corp.*

*v. Byers*, 37 F. App'x 90, 2002 WL 1021229, at *2 (5th Cir. 2002). The Court accordingly finds the second prong satisfied.

Third, Harness must show that Biglarbegi-Tajbakhsh's act had foreseeable effects in Texas. Because there is evidence that Biglarbegi-Tajbakhsh knew the copyright was owned in Texas, he should have known the effects of his action would be felt in Texas. Accordingly, Harness has satisfied the third prong.

Having determined that either the trip to Texas or the alleged use of the copyrighted material supports the exercise of personal jurisdiction, the Court next considers due process concerns.

***2. Biglarbegi-Tajbakhsh's Contacts Meet the Due Process Standard.*** – To exercise specific jurisdiction, the Court must examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice. *Holt Oil & Gas Corp.*, 801 F.2d at 777 (citing *Shaffer*, 433 U.S. at 204). In determining whether personal jurisdiction runs afoul of fair play and substantial justice, the Court considers the following five factors:

> (1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies.

*Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006). The defendant carries the burden in establishing a violation of traditional notions of fair play and substantial justice. *Id.*

The Court determines that Biglarbegi-Tagbakhsh has not met his burden. The only relevant arguments that Biglarbegi-Tagbakhsh asserts to establish lack of fair play are that (1) because he resides in California, it will be a financial burden for him to litigate in Texas and (2) many of the records, files, and witnesses are located in California. These arguments only support one of the five factors, and technological and electronic communication will lessen this burden significantly. Moreover, the remaining factors support the exercise of jurisdiction. This Court has previously held that "Texas has a substantial interest in redressing interests of its resident businesses." *Flowserve*, 2006 WL 265521, at *4. Plaintiff in this case conducts business in Texas as a professional photographer, and therefore the second factor weighs in favor of jurisdiction. Applying the third factor, the Court finds that Harness's interest clearly weighs in favor of the forum that he selected. Under the fourth factor, jurisdiction in Texas advances judicial interests by resolving suits when the alleged conduct was directed here and the harm was felt here. *See id.* Finally, both Texas and California have an interest in preventing the alleged conduct. Accordingly, the weight of the five factors indicates that personal jurisdiction does not offend traditional notions of fair play and substantial justice.

## CONCLUSION

For the foregoing reasons, the Court holds that jurisdiction in this Court is proper. Accordingly, the Court denies the motion to dismiss.

Signed October 15, 2014.

_____
David C. Godbey
United States District Judge