IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| BRIAN HARNESS d/b/a<br>BRIAN HARNESS PHOTOGRAPHY,<br><br>Plaintiff,<br>  v.<br><br>FOREVER 21 RETAIL, INC., FOREVER 21,<br>INC., AMIR ASLAN BIGLARBEGI-<br>TAJBAKHSH d/b/a AMIR TAJ DESIGN, | Civil Action No. 3:14-cv-01316 |

**PLAINTIFF'S MOTION TO COMPEL DEPOSITION ANSWERS,**
**FOR  ALTERNATIVE RELIEF, AND FOR SANCTIONS**

Now  comes  Plaintiff, Brian  Harness d/b/a Brian  Harness Photography, and submits

this  Motion and asks the Court to compel Do Won Chang, the CEO of the Defendants Forever

21 Retail, Inc. and Forever 21, Inc. (collectively, "F21 Defendants" of "F21") to provide

complete and truthful answers to questions he was instructed not to answer at his deposition,

for sanctions against F21 for the improper conduct of their attorneys at said deposition, and

for other alternative relief, and shows:

    1.      **Background Facts.**

Do Won  Chang is the  Chief  Executive Officer of the F21 Defendants.  He has lived and

worked in the United States since 1984, built and now runs a corporation with annual revenues

of $4b. He was  deposed on August 26, 2015. Plaintiff set the date for Mr. Chang's deposition in

accordance with the March 21, 2015 email from Linda Akerman, Mr. Albright's Assistant.[1]

Notices were  provided  to  the  defendants  on  March  23,  2015  and  depositions  of  the  F21

Defendants were scheduled for April 23 – 24, 2015 in Los Angeles, California. Just two days prior to the F21 depositions, on April 21, 2015, F21's counsel notified Plaintiff's Counsel that Mr. Chang would not be appearing for his deposition due to *"an unforeseen conflict,"* and further advised that Mr. Chang would not be presented as a corporate 30(b)(6) witness.[2]

According to deposition testimony, Mr. Chang is known as an exceptionally "hands on" chief executive, who makes nearly every business decision large and small (down to such trivial matters as approving the CFO's purchase of printer cartridges).[3] As such, Mr. Chang's absence as a F21 corporate representative is both inconceivable and highly suspect. However, four months later, only after numerous requests, F21 finally agreed to present Mr. Chang for deposition testimony.

### 2.     General Counsel James Young Kwon's Coaching the Witness

In addition to Mr. Chang and defense counsel, the F21 Defendants' General Counsel, James Young Kwon, also appeared for Mr. Chang's deposition. Mr. Kwon is a key fact witness in this case, and had already been deposed during the 30(b)(6) deposition as a corporate representative for F21, when Mr. Chang failed to appear. Mr. Kwon is a licensed attorney with considerable years of experience who has been F21's General Counsel for some time. Mr. Kwon's attendance at Mr. Chang's deposition was inexplicable, and as the deposition proceeded, it also became improper.

---

[1] Exh. 1, email of March 21, 2015 from Linda Akerman.
[2] Exh. 2, Alan Albright email April 15, 2015.
[3] Exh. 3, Deposition Excerpt of Larry Meyers taken April 24, 2015, P. 59, L. 1-10

During Chang's deposition, in blatant violation of the Federal Rules of Civil Procedure, Mr. Kwon engaged in coaching of the witness, as did F21's counsel of record.

Prior to Mr. Chang's deposition, defense counsel informed Harness that, even though Mr. Chang has been in America for over 30 years, he would require a Korean translator, and Mr. Harness would have to pay for same. Harness did hire a Korean translator certified by the U.S. District Courts, to translate the testimony. Although the F21 Defendants had the ability and opportunity to hire a "check-translator" -- as they insisted on doing for the former employees deposed in April -- F21 refused to retain one for Mr. Chang's deposition.  Instead, and although Mr. Kwon holds no certification or license as an interpreter or translator, F21 relied on its General Counsel to "check translate." Moreover, as an F21 corporate representative and key fact witness in this case, Mr. Kwon's role as a check translator is a manifest violation of the Federal Rules of Civil Procedure. Nevertheless, throughout the deposition Mr. Kwon interrupted the process by making odd facial expressions and gestures in an attempt to signal the witness and F21's defense counsel that the Korean translation was flawed. Mr. Chang even admitted under oath that the coaching was going on and was designed to *"… correct or tell the lawyer that the translation was not proper…"*[4]   This unabashed coaching by Kwon was an egregious and deliberate violation of the deposition process by an Officer of the Court. As an attorney of his experience, Mr. Kwon should be well versed in the Federal Rules of Civil Procedure. The General Counsel for the F21 defendants simply ignored the rules, just as F21's Counsel ignored deposition rules against coaching, and just as F21 has ignored Title 17.

---

[4] Exh. 4  Chang Deposition P. 92, L. 7 – P. 93, L. 5.

### 3.     F21's Defense Counsel Impeded the Deposition and Coached the Witness

In addition to the deplorable conduct of Mr. Kwon, F21's defense counsel responded to Kwon's overt gestures and inappropriate asides by repeatedly complaining about the translation.[5] Throughout Mr. Chang's deposition, F21's defense counsel continued to interrupt the process by questioning the translation and/or requesting that the translation be repeated. Although F21's defense counsel could have stopped the deposition at any time on this basis in order to request a check translator, the F21 defendants chose instead to impede the deposition with at least nineteen (19) interruptions regarding the translation provided by a Licensed Court Interpreter[6] with over forty (40) years of experience.[7]

Mr. Chang is a highly successful businessman who founded and runs a corporation with $4B in annual sales, and more than 700 stores throughout the world. In the beginning of the deposition, Mr. Chang agreed that if he was unclear or didn't understand the questions, he would ask for clarification. During Chang's testimony, it was clear that he was very intelligent, understood the questions well, and was more than capable of asking for clarification if he was unsure about the meaning of any question asked.

F21's failure to even request an abatement of Mr. Chang's deposition to engage a check

---

[5] Clearly because Mr. Albright does not speak Korean, every objection he made to the translation was caused by Mr. Kwon's interjections. See Exh. 5 Chang Deposition Excerpts regarding translation issues.

[6] Exh. 6 *Curriculum Vitae* of Jin-suk Kim, Certified and Licensed Translator.

[7] This, despite the fact that at the outset of the deposition, Mr. Chang testified that he understood every question posed to him in English without the benefit of translation to his native Korean language. Additionally, when depositions of various F21 employees and former employees were taken in Los Angeles, Defense Counsel insisted on using a "check-translator," forcing Harness to select, schedule, and pay for the translator. Harness tried to convince the F21 defendants to select and pay for Chang's translator, but they refused, so Harness selected the Federal Court certified translator and paid for same.

translator casts serious doubt as to any claim that these interruptions were necessary. The fact that F21 never lodged a single formal objection to the translator makes it patently clear that this conduct was intended not only to impede the deposition testimony, but to coach Mr. Chang, in violation of the Rules.

### 4.    Defense Counsel's Speaking Objections to Coach & Impede

In addition to the contemptible conduct described in paragraphs 3-4 above, F21's counsel continually made "speaking" objections in order to coach the witness and impede the deposition.[8]   Counsel for the F21 Defendants went so far as to lodge objections when no question was pending[9] and even objected to his client talking to the translator![10]   In other instances, Defense counsel objects to the way the examiner summarized the question.[11] Additionally, although the deposition was intended to be that of Do Won Chang, F21's defense counsel made numerous objections based on the fact that *counsel* (not the witness) didn't understand the question, obviously attempting to cue Mr. Chang on how to respond. Indeed this coaching tactic resulted in at least one instance where the witness dutifully responded that he didn't know the answer.[12]   In other instances F21's defense counsel told the witness *"... You have a complete misunderstanding of what he's being asked."* [13] These are but a few instances of counsel's misconduct.   At one point in the deposition, F21's defense counsel insists on expanding and explaining his objection stating *"I'm going to respond to your request* [no such

---

[8] Exhibit 7 Chang Deposition p. 9, L. 3-4, p. 11, L. 11-13, p. 13, L. 23 – p. 14, L. 2, p. 14, L. 6-8, 15-17. , P. 18, L. 19-23, p. 20, L. 2-6, p. 22, L. 23-25, p. 28, L. 20-21, p. 30, L. 1-4, p. 35, L. 20-21, p. 4, L. 13-14, p. 48, L. 19-21, p. 59, L. 3-5, p. 64, L. 9-11, p. 65, L. 2-6, p. 69, L. 4-6, 10-12, 16-17, 19-20, 22, 24-15, p. 74, L. 21-23, p. 84, L. 5-6, p. 97, L. 13-14, p. 100, L. 4-5, p. 119, L. 22-23, p. 121, 2-6, p. 129, L. 19-20.
[9] Chang Deposition p. 22, L. 19-23 (Exh. 7)
[10] Chang Deposition p. 100, L. 4-5 (Exh. 7)
[11] Chang Deposition p. 9, L.3-4 (Exh. 7)
[12] Chang Deposition p. 11, L. 11-13, p. 20, L. 4-6 (Exh. 7)
[13] Chang Deposition p. 28, L. 20-21 (Exh. 7)

request had been made]. *"It's vague and ambiguous as to what you mean by "that".*[14] Thereafter, defense counsel objects a second time on the same basis. In response to a warning to stop coaching the witness, F21's defense counsel of course denies such behavior *"... I'm not coaching. I just want you to ask a question he can understand."* The witness, having been thoroughly coached, follows the instruction of defense counsel and indicates that he needs the question asked differently so that he can *"easily catch what you mean and answer."*[15]

### 5.    F21's Counsel Instructing the Deponent Not to Answer – "Breaks"

Deponent Do Won Chang should be compelled to provide answers to questions that F21's defense counsel improperly instructed him not to answer. As Mr. Chang deposition advanced, counsel for the F21 defendants insisted on numerous and frequent breaks. In fact, the first requested break came less than twenty minutes after the deposition began. This break was requested immediately after F21's defense counsel wanted the entire deposition marked as Attorney Eyes Only in response to a single question regarding F21's gross revenue for 2014.

There were a total of five (5) "breaks," plus an hour for lunch, during Mr. Chang's deposition. However, more troubling than the number and frequency of these breaks are the circumstances under which they were requested. Defense counsel attempted to force breaks when questions were pending in order to have an opportunity to woodshed his witness. When the deponent returned, having conferred with his counsel, Chang was asked questions about what had been discussed with his lawyers during the break. Based on the timing of the breaks, the coaching was obvious, these questions were proper and necessary. Harness has a right to

---

[14] Chang Deposition p. 64, L. 9-11. Not surprisingly, shortly after this speaking objection, F21's counsel interrupted again with a complaint about the translator, then restating his original objection that the question was vague and ambiguous as to "that".

[15] Chang Deposition p. 65, L.2-6. (Exh. 7)

determine whether Chang's counsel had engaged in further coaching about specific answers during the recesses.   F21's counsel repeatedly instructed the witness not to answer the questions.[16]   These instructions were improper – as was the witness coaching described in paragraphs 2-4 above – and this behavior was nothing less than a blatant and outrageous violation of the Federal Rules of Civil Procedure.

**6.     Chang's Evasive and Non-Responsive Answers.**

During his deposition, Mr. Chang provided numerous evasive, non-responsive answers that should be answered.[17]   Plaintiff requests the Court to compel the deponent to completely and truthfully answer under oath the questions shown on Exhibit 9 attached hereto.

**7.     Argument and Authorities.**

A deposition is intended to allow the opposing party to find out what the *witness* saw, heard or did – basically, what the *witness* knows.  The Federal Rules of Civil Procedure state that a deposition should be conducted as if the testimony were being given at trial. Fed. R. Civ. P. 30(c)(1).  The deposition should be a dialogue of question and answer between the witness and the lawyer taking the deposition.  It is not an opportunity to provide cleverly sifted, word-smithed answers that have been finely honed by opposing counsel to support their client's position.  The very nature of the deposition process is to elicit the facts of the case before trial and prevent unfair surprise at trial. *Hall v. Clifton Precision,* 150 F.R.D. 525, 529-531 (E.D. Pa. 1993).   Any objections must be stated concisely in a nonargumentative and nonsuggestive manner. Fed. R. Civ. P. 30(c)(2). The attorney should state the objection on the record and then permit the witness to answer the question. *Eggleston v. Chicago Journeymen Plumbers' Local Un*., 657 F.2d 890,

---

[16] Exh. 8,  Chang Deposition pp. 51-52, 61, 76, 77, 78, 111, 112, 123, 124, 134, 149, 150 and 158.
[17] Exh. 9, Compilation of Questions to be Answered

902 (7th Cir. 1981); *GMAC Bank v. HTFC Corp.*, 248 F.R.D. 182, 191 (E.D.Pa.2008). Objections during deposition should be kept to a minimum and preferably should be limited to those under Rule 32(d)(3). *Quantachrome Corp. v. Micromeritics Instr. Corp.*, 189 F.R.D. 697, 701 (S.D.Fla.1999).

Objections that are argumentative or that suggest an answer to a witness are called "speaking objections" and are improper under Rule 30(c)(2). *See, e.g. Jadwin v. Abraham*, 2008 WL 4057921, \*6-\*7 (E.D.Cal.2008); *AG Equip. Co. v. AIG Life Ins. Co.*, 2008 WL 5205192, \*2-4 (N.D.Okla. 2008). In general, counsel should not engage in any conduct during a deposition that would not be allowed in the presence of a judicial officer. Fed. R. Civ. P. 30(d) advisory notes. Speaking objections prevent and impede the deposition, thwarting its intended purpose. *See generally, Pinson v. Northern Tool Equipment Co., Inc.*, 2012 WL 5286933 (S.D.Miss. Oct. 24, 2012). Speaking objections and coaching objections are simply not permitted in depositions in federal cases. *McDonough v. Keniston*, 188 F.R.D. 22, 24 (D.N.H. 1998).

Similarly, private conferences between counsel and the deponent are strictly prohibited. Some courts have ordered lawyers and witnesses not to confer even during lunch and overnight breaks in the witness-client's testimony. *Aiello v. City of Wilmington*, 623 F.2d 845, 858-59 (3d Cir.1980). The law is quite settled that private conferences between deponents and their attorneys during the taking of a deposition are improper unless the conferences are for the purpose of determining whether a privilege should be asserted. *Hall*, 150 F.R.D. at 527; *see also In re Braniff, Inc.*, Nos. 89–03325–BKC–6C1, 92–911, 1992 WL 261641 (Bankr.M.D.Fla. Oct. 2, 1992); *RTC v. KPMG Peat Marwick*, Civ.A. No. 92–1373 (E.D.Pa. Sept. 19, 1992); *In re Domestic Air Transp. Antitrust Litig.*, 1992–1 Trade Cases ¶ 69,731, 1990 WL 358009 (N.D.Ga. Dec. 21, 1990); *In re San Juan DuPont Plaza Hotel Fire Litig.*, No. MDL 721, 1989 WL 168401

(D.P.R. Dec. 2, 1989); *In re Rhode Island Asbestos Cases*; R.I.M.L. No. 1 (D.R.I. March 15, 1982); *In re Asbestos–Related Litig.*, No. CP–81–1 (E.D.N.C. Sept. 15, 1981).

There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness formulate answers. *Hall*, 150 F.R.D. at 528. The *Hall* court addressed this very type of improper conduct stating that while an attorney may give the witness instructions before the deposition, which enjoy the protection of privilege, once the deposition has begun, the witness is on his or her own. *Id.* These rules apply during recesses as well. Once the deposition has begun, the preparation period is over and the deposing lawyer is entitled to pursue the chosen line of inquiry without interjection by the witness's counsel. *Id.* at 529. Private conferences are barred during the deposition, and ***the fortuitous occurrence of a coffee break, lunch break, or even recess is no reason to change the rules***. *Id.* The *Hall* court went on to state:

> A clever lawyer or witness who finds that a deposition is going in an undesired or unanticipated direction could simply insist on a short recess to discuss the unanticipated yet desired answers, thereby circumventing the prohibition on private conferences. [T]he witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record. It is the witness—not the lawyer—who is the witness. *Id,* at 527.

As stated above, the F21 Defendants continued to take multiple breaks during Mr. Chang's deposition at times when Mr. Chang experienced difficulty answering unfavorable questions, and often when such questions were still pending. These conferences during fortuitous breaks are exactly the sort of improper gamesmanship which the Federal Rules prohibit.

Moreover, when asked questions regarding these continuous breaks during the deposition, counsel for F21 instructed Mr. Chang not to answer. In total, counsel for the F21 Defendants instructed Chang not to answer on at least nineteen (19) separate instances. Any conferences

which occur in private, off-the-record, or during breaks or recesses – except for the purpose of deciding whether to assert a privilege – are a proper subjection for inquiry by deposing counsel to ascertain whether there has been any witness-coaching. *Plaisted v. Geisinger Medical Center*, 210 F.R.D. 527, 533 (M.D.Pa.2002). Moreover, such questions are ***not subject to objection based on the attorney-client privilege***. *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1274 (C.D.Cal.2007) (emphasis added). Under the Federal Rules, generally, an attorney should refrain from instructing a deponent not to answer questions during a deposition. *Wilson v. Martin Cty. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D.Tex. 1993). The instructions given by defense counsel were not for preservation of privilege, they were to prevent the witness from disclosing the coaching that was being provided. The numerous breaks that defense counsel insisted on throughout the deposition were F21's less than subtle attempts to woodshed Mr. Chang.

The plain language of Rule 30(d)(2) provides that the Court may impose on a party who impedes a deposition "an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party." Fed. R. Civ. P. 30(d)(2). Such fees may also "be imposed on a non-party witness as well as a party or attorney." *Landers v. Kevin Gros Offshore, L.L.C.*, No. 08-1293, 2009 WL 2046587, at *2 (E.D.La. July 13, 2009).

Plaintiff's questions to the deponent concerning what was discussed during breaks, what answers may have been suggested by counsel during the breaks and the like, are not protected by privilege and should not be permitted to stand. *Hall*, 150 F.R.D., at 528-32. Such instructions may expose both the attorney and the client to sanctions. *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266-67 (10th Cir. 1995).

## 8.   Relief Sought, Conclusion, and Prayer

Harness respectfully asks this Court to order the F21 Defendants to present Mr. Chang for a second deposition, so that Harness may have a reasonable and fair opportunity to depose this necessary witness free from improper coaching, and to order him to answer questions about what was discussed during the non-privileged and unwarranted conferences in which he was so clearly being coached.

In the alternative, Harness respectfully requests this Court to order Mr. Chang to answer the deposition questions regarding which took place during the numerous and frequent breaks throughout his deposition.[18]

Finally, Harness requests that the F21 Defendants and their counsel be sanctioned for coaching Mr. Chang through speaking objections and perceived translation mistakes, for instructing the witness not to answer questions, and for their General Counsel's and Counsel of Record's failure to abide by the Rules.

Dated this 9th day of October, 2015

LEJUNE LAW FIRM

By:     *s/Dana A. LeJune*
        Dana A. LeJune
        Texas Bar No.: 12188250
        email: dlejune@triallawyers.net
        6525 Washington Avenue
        Suite 300
        Houston, Texas 77007
        713/942.9898 Telephone
        713/942.9899 Facsimile

---

[18] Attendant to either relief the Court imposes, Harness seeks entry of a "Clifton Order" as order in *Vestin Realty Mortgage II, Inc. v. Klaas,* No. CIV. 08CV2011 LAB, 2010 WL 4259946, at *3 (S.D. Cal. Oct. 25, 2010)

**Certificate of Service**

I hereby certify that on **October 12, 2015** a copy of the foregoing instrument, *Plaintiff's Motion to Compel and for Sanctions* was served on all opposing counsel in accordance with Fed.R.Civ.Pro. via electronic means as follows:

> Alan D. Albright
> Joseph Cox
> Bracewell Giuliani, L.P.
> E-Mail:       alan.albright@bgllp.com
>                    Joseph.cox@bgllp.com
> *Counsel for the Forever 21 Defendants*
>
> Brett L. Myers
> Andy Nikolopoulus
> Fox Rothschild
> E-Mail:       bmyers@foxrothschild.com
>                    anikolopoulos@foxrothschild.com
> *Counsel for Amir Aslan Biglarbegi-Tajbakhsh d/b/a*
> *Amir Taj Design*

By:      /s/ Dana A. LeJune